UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ROSALINE A.,

                    Plaintiff,

    v.

COMMISSIONER OF SOCIAL SECURITY,

                    Defendant.

Case No. 3:18-cv-05878-TLF

ORDER REVERSING AND REMANDING FOR FURTHER PROCEEDINGS

Plaintiff has brought this matter for judicial review of defendant's denial of her application for benefits under Title XVI of the Social Security Act. The parties have consented to have this matter heard by the undersigned Magistrate Judge.

## I.    ISSUES FOR REVIEW

1. Did the ALJ err in failing to consider plaintiff's migraines and vertigo at step two and when assessing her residual functional capacity?

2. Was the ALJ's discounting of plaintiff's allegations about the severity and functional impact of her mental impairments based on specific, clear, and convincing reasons when the record is considered as a whole?

## II.    BACKGROUND

Plaintiff filed an application for supplemental security income benefits on May 1, 2015, alleging a disability onset date of January 1, 2014. Dkt. 8, Administrative Record (AR) 114. The

application was denied initially and on reconsideration. *Id.* After a hearing, (AR 32), an administrative law judge (ALJ) determined that plaintiff was not disabled. AR 11.

The Appeals Council denied plaintiff's request for review, making the ALJ's decision the Commissioner's final decision. AR 1. Plaintiff filed a complaint with this Court, seeking reversal and remand for an award of benefits.

### III. THE ALJ'S DECISION

Using the five-step sequential evaluation process, the ALJ found (AR 16-26):

> *Step one*: Plaintiff has not engaged in substantial gainful activity since the application date.
>
> *Step two*: Plaintiff has these severe impairments: Disorders of the back; degenerative joint disease; affective/depressive disorder; attention deficit disorder (ADD) vs. attention deficit hyperactivity disorder (ADHD); post-traumatic stress disorder (PTSD).
>
> *Step three*: These impairments do not meet or equal the requirements of a listed impairment.
>
> *Residual functional capacity (RFC)*: The ALJ found that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 416.967(b).
>
> *Step four*: The claimant is unable to perform any past relevant work.
>
> *Step five*: Because plaintiff can perform jobs that exist in significant numbers in the national economy, she is not disabled.

## IV. DISCUSSION

The Court will uphold an ALJ's decision unless: (1) the decision is based on legal error, or (2) the decision is not supported by substantial evidence. *Revels v. Berryhill,* 874 F.3d 648, 654 (9th Cir. 2017). Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill,* 139 S. Ct. 1148, 1154 (2019) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). This requires "more than a mere scintilla," though "less than a preponderance" of the evidence. *Trevizo v. Berryhill*, 871 F.3d 664, 674-75 (9th Cir. 2017).

The Court must consider the administrative record as a whole. *Garrison v. Colvin,* 759 F.3d 995, 1009 (9th Cir. 2014). It must weigh both the evidence that supports, and evidence that does not support, the ALJ's conclusion. *Id.* The Court considers in its review only the reasons the ALJ identified and may not affirm for a different reason. *Id.* Furthermore, "[l]ong-standing principles of administrative law require us to review the ALJ's decision based on the reasoning and actual findings offered by the ALJ—not post hoc rationalizations that attempt to intuit what the adjudicator may have been thinking." *Bray v. Comm'r of SSA*, 554 F.3d 1219, 1225-26 (9th Cir. 2009) (citations omitted).

"If the evidence admits of more than one rational interpretation," the Court must uphold the ALJ's finding. *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). It is unnecessary for the ALJ to "discuss *all* evidence presented". *Vincent on Behalf of Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984) (citation omitted) (emphasis in original). The ALJ must only explain why "significant probative evidence has been rejected." *Id.* The Court should consider that "'[w]here there is conflicting evidence sufficient to support either outcome,'" the Court "'must

affirm the decision actually made.'" *Id.* (quoting *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971)).

The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician. *Trevizo v. Berryhill*, 871 F.3d 664, 675 (9th Cir. 2017) (quoting *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008)). When a treating or examining physician's opinion is contradicted, an ALJ must provide specific and legitimate reasons for rejecting it. *Id.* In either case, substantial evidence must support the ALJ's findings. *Id.* Under Ninth Circuit law, opinions from non-examining medical sources that contradict a treating physician's opinion will trigger the "specific and legitimate reasons" standard of review. *See, e.g.*, *Revels v. Berryhill*, 874 F.3d 648, 662 (9th Cir. 2017) (requiring only specific and legitimate reasons where treating doctor's opinion was "contradicted by the findings of Dr. Rowse and Dr. Blando, the non-examining doctors from the state agency, and, to some extent, the opinion of Dr. Ruggeri, the hand specialist").

"Determining whether inconsistencies are material (or are in fact inconsistencies at all) and whether certain factors are relevant to discount the opinions of [treating or examining doctors] falls within this responsibility." *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 603 (9th Cir. 1999); *see also Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir. 2001) (upholding ALJ's rejection of internally inconsistent medical opinion). An ALJ need not accept a medical opinion that is brief and conclusory when the ALJ faces conflicting evidence regarding the claimant's condition. *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001).

Even where a treating physician's opinion is brief and conclusory, an ALJ must consider its context in the record—especially the physician's treatment notes. *See Burrell v. Colvin*, 775 F.3d 1133, 1140 (9th Cir. 2014) (holding ALJ erred in finding treating opinion "conclusory" and

supported by "little explanation," where ALJ "overlook[ed] nearly a dozen [treatment] reports related to head, neck, and back pain"); *Revels v. Berryhill*, 874 F.3d 648, 663 (9th Cir. 2017) (finding ALJ erred in rejecting treating physician's opinion as supported by "little explanation," where record included treatment notes supporting the opined limitations).

A non-treating, non-examining source's opinion is generally entitled to less weight than a treating or examining opinion. *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1996). An ALJ "may reject the opinion of a non-examining physician by reference to specific evidence in the medical record." *Sousa v. Callahan*, 143 F.3d 1240, 1244 (9th Cir. 1998).

If the plaintiff was treated by a person other than an accepted medical source, the standard of review is different. *See e.g., Turner v. Commissioner of Social Sec.,* 613 F.3d 1217, 1224 (9th Cir. 2010) (an ALJ may disregard opinion evidence provided by "other sources," if the ALJ "gives reasons germane to each witness for doing so") (quoting *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001)); 20 C.F.R. § 404.1513 (d) (nurse practitioners are considered other medical sources); 20 C.F.R. § 404.1513 (d) (chiropractors are considered other medical sources).

A psychiatrist is an accepted medical source, because he or she is a physician, and a licensed psychologist is also an accepted medical source. 20 C.F.R. 404.1513(a). A mental health counselor is considered an "other source"; and the ALJ may discount or reject evidence from a mental health counselor if the ALJ gives reasons that are germane as to that counselor. *Ghanim v. Colvin,* 763 F.3d 1154, 1161 (9th Cir. 2014).

**A. The ALJ did not err at step two by failing to include vertigo or migraines as a severe impairment.**

Plaintiff contends that the ALJ erred in not considering vertigo and migraines at step two of the sequential evaluation. Dkt. 10 at 2. Specifically, plaintiff alleges that the ALJ erred by not

providing an explanation for why he did not list vertigo and migraines among the severe impairments in step two of the sequential evaluation. Dkt. 10 at 4.

At step two of the sequential disability evaluation process, the "medical severity" of a claimant's impairments is considered. 20 C.F.R. 404.1520(a)(4)(ii), § 416.920(a)(4)(ii). An impairment is not considered to be "severe" if it does not "significantly limit" a claimant's mental or physical abilities to do basic work activities. *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996).

Although the ALJ's step two analysis merely lists the severe impairments he found and does not give his reasoning under step two as to how he concluded which impairments were severe and which were not, the Court may reasonably infer that the ALJ found there was insufficient medical evidence that plaintiff experienced any significant work-related physical impairment concerning migraines or vertigo. AR 16, 20. Although plaintiff argues that she suffered eyesight problems as a result of migraines, her treating eye doctor, Dr. Sorenson, did not find evidence that any eye problems were connected to her vertigo. AR 473-78.

The ALJ's decision refers to the plaintiff's vertigo as a consideration in the RFC analysis. AR 20, 22. The ALJ's analysis of vertigo incorporates the analysis of Dr. Staley (AR 138-140) to which the ALJ gave significant weight. Under *Brown-Hunter v. Colvin* 806 F.3d 487, 492 (9th Cir. 2015), an agency's path may be reasonably discerned even if it is given with less than ideal clarity.

Because the ALJ incorporated plaintiff's vertigo (plaintiff does not make a separate argument about headache pain) into the RFC, any error at step two would be harmless. *Buck v. Berryhill,* 869 F.3d 1040, 1049 (9th Cir. 2017).

## B. The ALJ erred in discounting plaintiff's testimony about effects and severity of her mental health conditions, in determining the RFC.

Plaintiff asserts that the ALJ should have found her symptom testimony credible, regarding the severity of symptoms and the disabling effects of her mental health conditions. Dkt. 10 at 5-11. And the plaintiff requests a remand for another hearing, so the ALJ can re-assess plaintiff's testimony and adjust the RFC to include additional limitations based on severity of symptoms that stem from plaintiff's mental conditions. Dkt. 10 at 10-11.

The ALJ assesses the claimant's RFC to determine, at step four, whether the plaintiff can perform past relevant work, and at step five to determine whether the plaintiff can adjust to other work. *Kennedy v. Colvin*, 738 F.3d 1172, 1175 (9th Cir. 2013). The ALJ has the burden of proof at step five to show that a significant number of jobs that the claimant can perform exist in the national economy. *Tackett v. Apfel*, 180 F.3d 1094, 1099 (9th Cir. 1999); 20 C.F.R. § 416.920(e).

In weighing a plaintiff's testimony, an ALJ must use a two-step process. *Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017). First, the ALJ must determine whether there is objective medical evidence of an underlying impairment that could reasonably be expected to produce some degree of the alleged symptoms. *Ghanim v. Colvin,* 763 F.3d 1154, 1163 (9th Cir. 2014). If the first step is satisfied, and provided there is no evidence of malingering, the second step allows the ALJ to reject the claimant's testimony of the severity of symptoms if the ALJ can provide specific findings and clear and convincing reasons for rejecting the claimant's testimony. *Id. See Verduzco v. Apfel*, 188 F.3d 1087, 1090 (9th Cir. 1999) (inconsistent testimony about symptoms is clear and convincing reason to discount subjective allegations).

The ALJ is required to state what testimony he or she determined to be not credible and point to the evidence that undermines the plaintiff's credibility. *Dodrill v. Shalala*, 12 F.3d 915,

918 (9th Cir. 1993). Although the Court upholds an ALJ's findings when they are supported by inferences reasonably drawn from the record, *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004), the ALJ must actually state such inferences to give a cogent explanation. The ALJ needs to make findings sufficiently specific to allow this Court to conclude that the ALJ rejected the testimony on permissible grounds and did not arbitrarily discredit the claimant's testimony. *Rollins v. Massanari*, 261 F.3d 853, 856-57 (9th Cir. 2001). In this case, the ALJ's brief recitation of the evidence concerning plaintiff's mental health conditions did not satisfy this requirement. *See* AR 19-21.

Plaintiff's activities do not provide a clear and convincing reason to reject her testimony. The ALJ relied on plaintiff's activities to reject her claim of disability in general, but he did not identify how specific activities undermine specific testimony. Most of the activities the ALJ noted are not the type that can be readily transferred to a work setting. *See Diedrich v. Berryhill*, 874 F.3d 634, 643 (9th Cir. 2017) ("House chores, cooking simple meals, self-grooming, paying bills, writing checks, and caring for a cat in one's own home, as well as occasional shopping outside the home, are not similar to typical work responsibilities."). The record does not demonstrate that plaintiff has engaged in activities either at a frequency or to an extent that would indicate that she can "spend a substantial part of . . . her day performing" them. *Smolen v. Chater*, 80 F.3d 1273, 1284 n.7 (9th Cir. 1996). The plaintiff cites *Revels* to note that her trip to Nevada did not undermine her claim to be unable to work "on a regular and continuing basis." AR 10. However, the plaintiff omits the portion of *Revels* which states that "inconsistent daily activities may provide a justification for rejecting symptom testimony." *Revels*, 874 F.3d at 667. In other words, *Revels* permits an ALJ to consider plaintiff's daily activities to discount plaintiff's testimony regarding severity of certain symptoms, but not the overall disability.

Although plaintiff's travel to a wedding in Nevada could conceivably be inconsistent with parts of plaintiff's testimony, the ALJ made assumptions rather than specific connections (see AR 21) and the record does not contain evidence about how frequently plaintiff engages in these travel activities or what mental functions were actually required as plaintiff was traveling. *See Trevizo*, 871 F.3d at 682.

Second, with respect to plaintiff's depression and anxiety symptoms, the ALJ found that objective findings did not support the degree of limitation plaintiff alleged. AR 20. Inconsistency with objective evidence may satisfy the clear and convincing requirement. *Regennitter v. Commissioner of Social Sec. Admin.*, 166 F.3d 1294, 1297 (9th Cir. 1998). But an ALJ may not reject a claimant's subjective symptom testimony "*solely* because the degree of pain alleged is not supported by objective medical evidence." *Orteza v. Shalala*, 50 F.3d 748, 749-50 (9th Cir. 1995) (internal quotation marks omitted and emphasis added); *Byrnes v. Shalala*, 60 F.3d 639, 641-42 (9th Cir. 1995) (applying rule to subjective complaints other than pain).

The ALJ lacked support for finding that the objective evidence undermines plaintiff's testimony about her depression and anxiety conditions. While the ALJ cited plaintiff's allegations of anxiety such as heart palpitations, anger, sarcasm, racing thoughts, and fears that someone is out to get her, it is unclear how these undermine plaintiff's claims of debilitation depression and anxiety and resulting limitations. AR 19; *see Ghanim v. Colvin*, 763 F.3d 1154, 1164 (9th Cir. 2014) (ALJ may not "cherry-pick[ ]" items from treatment record without considering them in context of "diagnoses and observations of impairment").

In assessing the extent to which a claimant's symptoms must be credited, the ALJ can reject the claimant's testimony of the severity of her symptoms "by offering specific, clear and convincing reasons for doing so." *Revels v. Berryhill*, 874 F.3d 648 (2017).

The plaintiff argues that because the ALJ did not provide some reasoning to allow the Court to determine whether or not his conclusions were supported by substantial evidence and because the ALJ's decision cannot be reasonably discerned, the ALJ's decision must be remanded. Plaintiff cites *Treichler v. Comm'r Soc. Sec. Admin.* in which the court held that the ALJ "must provide "specific, clear and convincing reasons for rejecting the claimant's testimony regarding the severity of the claimant's symptoms" and also must "specifically identify the testimony [from a claimant] she or he finds not to be credible and ... explain what evidence undermines the testimony." 775 F.3d 1090, 1102 (9th Cir. 2014). The standard gives some leeway to the ALJ as the plaintiff notes, citing *Brown-Hunter v. Colvin*, in which the court states that "despite the legal error, the agency's path may reasonably be discerned, even if the agency explains its decision with less than ideal clarity." 806 F.3d 487, 492 (9th Cir. 2015).

"The grounds upon which an administrative order must be judged are those upon which the record discloses that its action was based." *Treichler*, 775 F.3d at 1102 (9th Cir. 2014). This Court will not infer what the ALJ meant; the ALJ is required to articulate the grounds for his decision.

These errors concerning the RFC could potentially alter the ALJ's final determination and as such cannot be said to be harmless. An error is only harmless if it is "inconsequential to the ultimate nondisability determination" *Treichler v. Comm'r Soc. Sec.*, 775 F.3d 1090, 1102 (9th Cir. 2014).

### C. Remand with Instruction for Further Proceedings

"'The decision whether to remand a case for additional evidence, or simply to award benefits is within the discretion of the court.'" *Trevizo v. Berryhill*, 871 F.3d 664, 682 (9th Cir. 2017) (quoting *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987)). If an ALJ makes an

error and the record is uncertain and ambiguous, the court should remand to the agency for further proceedings. *Leon v. Berryhill*, 880 F.3d 1041, 1045 (9th Cir. 2017). Likewise, if the Court concludes that additional proceedings can remedy the ALJ's errors, it should remand the case for further consideration. *Revels*, 874 F.3d at 668.

The Ninth Circuit has developed a three-step analysis for determining when to remand for a direct award of benefits. Such remand is generally proper only where

> "(1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand."

*Trevizo*, 871 F.3d at 682-83 (quoting *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014)).

The Ninth Circuit emphasized in *Leon v. Berryhill* that even when each element is satisfied, the district court still has discretion to remand for further proceedings or for award of benefits. 80 F.3d 1041, 1045 (9th Cir. 2017). The ALJ's failure to analyze plaintiff's medical support for her mental condition testimony and failure to make clear his reasons for discrediting her testimony about anxiety and depression, means the ALJ erred in his assessment of the plaintiff's RFC. The case must be remanded for further analysis.

## V. CONCLUSION

Based on the foregoing discussion, the Court finds the ALJ erred when he determined the RFC from which plaintiff was found to not be disabled. Defendant's decision to deny benefits therefore should be REVERSED and this matter is REMANDED for further administrative proceedings consistent with this opinion. The ALJ is directed to hold a new hearing and allow for additional evidence, in light of the noted deficiencies articulated in this opinion. The ALJ is

directed, after considering the evidence in a new hearing, to make another determination with respect to the plaintiff's RFC, and whether plaintiff is disabled.

Dated this 20th day of September, 2019.

*Theresa L. Fricke*

Theresa L. Fricke
United States Magistrate Judge

ORDER REVERSING AND REMANDING FOR FURTHER PROCEEDINGS - 12