UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ROSALINE A.,

        Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

        Defendants.

Case No. C18-5878 TLF

ORDER DENYING DEFENDANT'S MOTION TO AMEND JUDGMENT UNDER FEDERAL RULE OF CIVIL PROCEDURE 59(e)

This matter comes before the Court on defendant's motion to amend or alter the judgment of the Court pursuant to Federal Rule of Civil Procedure 59(e). For the reasons set forth below, the Court finds no manifest error of law or fact was committed, and therefore declines to grant defendant's motion.

**DISCUSSION**

Pursuant to Federal Rule of Civil Procedure 59(e), a party may file a motion to alter or amend judgement within 28 days after entry of the judgment. The Court has considerable discretion in deciding whether to grant or deny a Rule 59(e) motion. *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011). However, "amending a judgment after its entry remains 'an extraordinary remedy which should be used sparingly.'" *Id*. (*quoting McDowell v. Calderon*, 197 F.3d 1253, 1255 n.1 (9th Cir. 1999)). Such a motion may only be granted when: "1) the motion is necessary to correct manifest error of law or fact upon which the judgement is based, 2) the moving party presents newly discovered or previously unavailable evidence, 3) the motion is

ORDER DENYING DEFENDANT'S MOTION TO AMEND
JUDGMENT UNDER FEDERAL RULE OF CIVIL
PROCEDURE 59(E) - 1

necessary to prevent manifest injustice, or 4) there is an intervening change in controlling law." *Hiken v. DOD*, 836 F.3d 1037, 1042 (9th Cir. 2016) (*quoting Turner v. Burlington N. Santa Fe R.R. Co.*, 338 F.3d 1058, 1063 (9th Cir. 2003)) (internal quotations and emphasis omitted).

Defendant does not argue that any of the grounds identified in *Hiken* apply here. Instead, defendant argues that the Court should amend the judgment because it committed manifest error by not directly discussing a pair of ALJ findings and because the Court "patently misunderstood" defendant's position. Dkt. 15 at 1-2. Even assuming that these could constitute grounds to amend judgment under Rule 59(e), defendant has failed to establish that the extraordinary remedy sought is warranted in this case.

Defendant takes the position that the Court erred in holding that the ALJ erred in discounting the plaintiff's testimony regarding the effects and severity of her mental health conditions. Dkt. 15. Defendant argues that the ALJ cited to Dr. John M. Haroian, Ph.D.'s comments that plaintiff was exaggerating her symptoms and to the plaintiff's alleged lack of motivation to work, as grounds to discount plaintiff's testimony. *Id.* at 2-3. Defendant further alleges that these findings were sufficient to discount the plaintiff's testimony. *Id.* at 3.

The Court did address these, and the ALJ's other findings, when discussing the ALJ's attempt to rely on citations to the record to discount the plaintiff's testimony without articulating the reason for rejecting the testimony. Dkt. 13 at 10. The Court explained that the ALJ is required to identify what portions of the testimony are considered not credible and provide specific, clear and convincing reasons to support that finding. *Id.* Further, the Court explained that it would not infer what the ALJ meant, the ALJ is required to articulate the grounds for the decision. *Id.* Accordingly, the Court did not err in not directly addressing the ALJ's citations to

ORDER DENYING DEFENDANT'S MOTION TO AMEND
JUDGMENT UNDER FEDERAL RULE OF CIVIL
PROCEDURE 59(E) - 2

the record, however, for the sake of clarity, the Court will address the two findings cited by defendant in its motion.

> There is a two-step analysis used when evaluating the claimants reported symptoms:
>
> First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged. In this analysis, the claimant is *not* required to show that her impairment could reasonably be expected to cause the severity of the symptoms she has alleged; she need only show that it could reasonably have caused some degree of the symptoms. Nor must a claimant produce objective medical evidence of the pain or fatigue itself, or the severity thereof.
>
> If the claimant satisfies the first step of this analysis, and there is no evidence of malingering, the ALJ can reject the claimant's testimony about the severity of her symptoms only be offering specific, clear and convincing reasons for doing so.

*Revels v. Berryhill*, 874 F.3d 648, 655 (9th Cir. 2017) *(quoting Garrison v. Colvin*, 759 F.3d 995, 1014-15 (9th Cir. 2014)).

The clear and convincing standard in the second step of this analysis is not an easy requirement to meet. *Revels*, 874 F.3d at 655 (*citing to Garrison*, 759 F.3d at 1014-15). The grounds for rejecting a claimant's testimony must be sufficiently specific to allow the Court to determine whether the testimony is rejected on credible grounds. *Brown-Hunter v. Colvin*, 806 F.3d 487, 493 (9th Cir. 2015). "General findings are insufficient; rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaint." *Id*. (*quoting Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998)). Additionally, the Social Security Rulings have made it clear that, "assessments of an individual's testimony by an ALJ are designed to 'evaluate the intensity and persistence of symptoms after [the ALJ] find[s] that the individual has a medically determinable impairment(s) that could reasonably be expected to produce those symptoms,' and not to delve into the wide-ranging scrutiny of the claimant's

character and apparent truthfulness." *Trevizo v. Berryhill*, 871 F.3d 664, 678 n. 5 (9th Cir. 2017) (quoting SSR 16-3p, 2016 SSR LEXIS 4 (2016)).

As the Court explained in its previous Order, although the clear and convincing standard provides the ALJ some leeway, the Court will not infer what the ALJ meant; the ALJ is required to articulate the grounds for the decision. Additionally, the Court must review the ALJ's decisions based on the reasons and findings actually provided, "not post hoc rationalizations that attempt to intuit what the adjudicator may have been thinking." *Bray v. Comm'r of SSA*, 554 F.3d 1219, 1225-26 (9th Cir. 2009) (citations omitted).

As an initial matter the ALJ found that claimant's medically determinable impairments could reasonably be expected to cause her alleged symptoms. Dkt. 8, Administrative Record (AR) 20. Additionally, the ALJ did not find that there was evidence of malingering. Therefore, the ALJ was required provide specific clear and convincing grounds for discrediting the plaintiff's testimony regarding the severity of her symptoms.

I. <u>Evidence of Exaggerated Symptoms</u>

First, defendant argues that the Court erred because the evidence that plaintiff was exaggerating her symptoms was a clear and convincing reason to discredit the plaintiff's testimony. Dkt. 15 at 2. In his decisions the ALJ stated:

> The record contains additional inconsistencies which further reduce the persuasiveness of the allegations. As John M. Haroian, Ph.D., comments, 'the claimant is invested in presenting herself in a negative light. When given the Beck Anxiety scale, she marked all but two questions as Severe ("I could barely stand it"), however her presentation did not match her endorsement pattern. She had a similar pattern of endorsement on the Beck Depression inventory of marking severe impairment[s] but her presentation did not match her endorsement pattern. I do not believe she is faking symptoms but she does exaggerate them. I don't believe the symptoms are as severe as she reported them to be." (13F/3).

AR 21.

The ALJ's quotation of Dr. John M. Haroian's comment is insufficient to meet the clear and convincing standard necessary to reject the plaintiff's testimony. The ALJ provides no explanation as to what portions of plaintiff's testimony this quote discredits or why this quote should discredit portions of the plaintiff's testimony. Further, the ALJ gives no insight into the weight the ALJ gave to specific portions of plaintiff's testimony or why such weight was given. The Court will not infer what portions of plaintiff's testimony the ALJ intended to discredit with this quote or why any portion of plaintiff's testimony should be discredited by this quote.

For these reasons, the ALJ's reference to Dr. Haroian's comment was insufficient grounds to discredit the plaintiff's testimony regarding her symptoms.

II. "Mixed Emotions" About Working

Next, defendant argues that the Court erred because the ALJ's discussion of plaintiff's "mixed emotions" about working was sufficient clear and convincing grounds to discredit the plaintiff's testimony. Dkt. 15 at 3. In his decision the ALJ stated:

> The claimant has also related that she has mixed emotions about working in that she does not, "want to work on weekend[s] or night time … I don't want to work on summer vacation when my son is out of school" (9F/8). While it is understandable that claimant wants to spend time with her son, choosing not to work is not the same as being disabled. Social Security disability is for people who are unable to do any kind of work at all.

AR 21.

Again, the ALJ's observation fails to provide sufficiently clear and convincing grounds to reject the plaintiff's testimony. The ALJ was making an observation about the plaintiff's character, based on her desire to work a particular schedule, rather than examining the intensity and severity of plaintiff's symptoms.

For these reasons, the ALJ's observation regarding plaintiff's "mixed emotions" about working fails to provide a clear and convincing reason to reject plaintiff's testimony.

## CONCLUSION

Based on the foregoing reasons, defendant's motion to alter or amend judgment is DENIED.

Dated this 30th day of October, 2019.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge

ORDER DENYING DEFENDANT'S MOTION TO AMEND JUDGMENT UNDER FEDERAL RULE OF CIVIL PROCEDURE 59(E) - 6